**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 1391 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| HYATT CORPORATION; ZURICH HOTEL | ) | |
| INVESTMENTS, B.V.; HYATT HOTELS | ) | |
| CORPORATION; HYATT INTERNATIONAL | ) | |
| CORPORATION; and SEAWIND KEY | ) | |
| INVESTMENTS LIMITED, d/b/a | ) | |
| BREATHLESS MONTEGO BAY RESORT | ) | |
| AND SPA, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Jacqueline Williams slipped and fell on a dance floor at the Breathless Montego Bay Resort and Spa ("Breathless Montego Bay") in Jamaica. She filed suit against Hyatt Corporation, Hyatt Hotels Corporation ("HHC"), Hyatt International Corporation ("Hyatt International," and collectively with the other Hyatt entities, the "Hyatt Defendants"), Zurich Hotel Investments, B.V. ("Zurich"), and Seawind Key Investments Limited ("Seawind"). She contends that Defendants, as either owners or operators of Breathless Montego Bay, acted negligently and caused her to slip and fall. The Hyatt Defendants and Seawind have filed motions to dismiss. The Hyatt Defendants first argue that the Court should dismiss the claims against them because they did not owe Williams a duty. But because the Court cannot consider the additional evidence of corporate structure provided by the Hyatt Defendants claiming that they do not own or operate Breathless Montego Bay on a Rule 12(b)(6) motion to dismiss, the Court must accept Williams' allegations that the Hyatt Defendants owed her a duty of care.

Alternatively, the Hyatt Defendants, joined by Seawind, contend that the Court should dismiss this case in favor of Williams pursuing her claims in Jamaica based on a forum selection clause or, more generally, the doctrine of *forum non conveniens*. The Court does not find dismissal appropriate on these grounds, however, where the Court cannot determine that the forum selection clause is enforceable or that Williams can proceed against the Hyatt Defendants in Jamaica. The Court therefore denies the motions to dismiss.

## BACKGROUND

### I. Allegations in the Second Amended Complaint

Williams resides in Wisconsin. The Hyatt Defendants are Delaware corporations with their corporate headquarters in Chicago, Illinois. Seawind is a Jamaican corporation, and Zurich is a Dutch corporation. Williams alleges that the Hyatt Defendants, Seawind, and Zurich owned and/or operated Breathless Montego Bay.

Williams alleges that on February 18, 2023, she stayed at Breathless Montego Bay and slipped and fell on an area of the dance floor that Defendants, through their agents, servants, or employees, had just mopped. Williams contends that all Defendants owed her a duty of care and violated that duty by:

> a. Carelessly and negligently caus[ing] the floor of the Premises to become wet, slippery, dangerous, unsafe and in a defective condition;
>
> b. Carelessly and negligently allow[ing] the floor of the Premises to remain in a wet, slippery, dangerous, unsafe and in a defective condition;
>
> c. Carelessly and negligently finish[ing] the floor of the Premises with a slippery material causing said floor to become and remain in a dangerous, unsafe and defective condition when wet;
>
> d. Carelessly and negligently fail[ing] to provide and maintain a reasonably safe area for Plaintiff to walk;

2

> e. Carelessly and negligently fail[ing] to inspect the Premises so as to ascertain the dangerous, unsafe and defective conditions therein;
>
> f. Carelessly and negligently fail[ing] to provide any warnings with regard to the condition of said floor; and/or
>
> g. [Being] otherwise careless and negligent in the maintenance and upkeep of the floor of the Premises.

Doc. 39 ¶ 8. As a result of Defendants' negligence, Williams claims she suffered serious and permanent injuries.

## II. The Hyatt Defendants' Additional Documents

In connection with their motion to dismiss, the Hyatt Defendants submit various documents setting forth their organizational structure and relationship to Breathless Montego Bay. According to Christina Urbanski, the Assistant Secretary of HHC, HHC is a holding company and the ultimate parent of all HHC subsidiaries. HHC's subsidiaries develop, own, operate, manage, franchise, license, or provide services to various hotels and resorts.

As of February 2023, Inversora Santa Fe, S.A., a Uruguayan entity, owned Breathless Montego Bay and was the sole Seawind shareholder. Seawind had a hotel management and marketing agreement with AM Management Jamaica Resorts Limited ("AM MJR"), a Jamaican entity that provides management services to Jamaican resorts. AM MJR is a distant corporate relative of HHC and Hyatt International. Seven tiers separate HHC and AM MJR, with five tiers between Hyatt International and AM MJR. Hyatt International owns all interest in Zurich, which is separated by four tiers from AM MJR.

Additionally, the Hyatt Defendants attach an accommodation service agreement, which Williams signed when she checked into Breathless Montego Bay. That agreement included the following as to jurisdiction and applicable law:

> This Agreement shall be governed by and interpreted in accordance with the laws of the [country of] Jamaica and for all matters relating to its interpretation, application, and compliance, the Parties agree to submit to the administrative process of the Federal Consumer Office. The parties waive any other jurisdiction that may now or be entitled to in the future for reason of their current or future domicile or any other reason whatsoever.

Doc. 45-7.

Finally, the Hyatt Defendants provide an affidavit from Danielle Archer, a Jamaican attorney with experience in personal injury claims. Archer represents that Jamaican law allows Williams to pursue a negligence claim in Jamaica, with a six-year statute of limitations applying to such a claim. She also indicates that Williams would have the right to a jury trial in Jamaica and that Jamaican law allows a plaintiff to recover monetary damages for pain and suffering, medical treatment, and economic damages.

## ANALYSIS

### I. The Hyatt Defendants' Rule 12(b)(6) Argument

First, the Hyatt Defendants argue that the Court must dismiss Williams' claims against them because they did not owe Williams a duty of care. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In support of their argument, the Hyatt Defendants rely on the affidavit and documents they attach to their motion to dismiss that indicate that the Hyatt Defendants do not own Breathless Montego Bay and instead have a distant relationship with the operator of the resort. They contend that such a distant relationship does not suffice to impose a duty on them, and that Williams' general allegations that each of the Hyatt Defendants owned or operated the premises are too conclusory to suggest such a duty. In response, Williams argues that the Court cannot consider the additional documents the Hyatt Defendants have attached for purposes of a Rule 12(b)(6) motion and that she instead has sufficiently suggested a duty, which could be based on an agency theory, vicarious liability, a joint venture theory, or a theory of direct negligence in undertaking safety responsibilities.

While the existence of a duty is a question of law, *Simpkins v. CSX Transp., Inc.*, 2012 IL 110662, ¶ 14, that does not mean that the Court can automatically consider the documents that the Hyatt Defendants have proffered at the pleadings stage. Typically, the Court cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). The Court, however, may consider "documents that are central to the complaint and are referred to in it" and take judicial notice of matters of public record in ruling on a motion to dismiss. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Because the Hyatt Defendants' attached documents are not central to the complaint, referred to in it, nor judicially noticeable, the Court does not find it appropriate to consider the additional documents at this time. And without these additional facts about corporate structure, the Court only has Williams' allegations that the Hyatt Defendants either

5

owned or operated Breathless Montego Bay. Because an owner or manager would have owed a duty to Williams as the property's guest, *see Albert v. Bank of Am., N.A.*, 2016 WL 559183, at *7 (N.D. Ill. Feb. 9, 2016) ("Under an Illinois premises liability theory, it is essential that the defendant be in possession and control of the property on which the injury occurred."), and Williams need not have pleaded more, the Court cannot dismiss Williams' claim on this basis at this time. While the Hyatt Defendants may find this result inefficient, the Court cannot short-circuit the process, particularly where Williams has not yet had the opportunity to explore the relationship among the entities and the amount of control that the Hyatt Defendants had over AM MJR.

## II.     Forum Selection Clause

Next, the Hyatt Defendants and Seawind argue that the Court should dismiss the case based on the forum selection clause contained in the accommodation services agreement that Williams signed when she checked into Breathless Montego Bay. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Nulogy Corp. v. Menasha Packaging Co.*, 76 F.4th 675, 679 (7th Cir. 2023) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)).

While the Hyatt Defendants have provided the Court with the forum selection clause, the Court does not have sufficient information before it to determine its validity and applicability to Williams' claims.[1] Initially, the Court cannot determine which corporate defendant is a party to

---

[1] The Seventh Circuit has indicated that the Court should use the law chosen by the parties to interpret the forum selection clause. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 775 (7th Cir. 2014). But the parties do not direct the Court to Jamaican law regarding forum selection clauses, and so the Court disregards the choice of law provision. *See Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 438 (7th Cir. 2012) (finding parties waived the issue of using the contract's chosen Mexican law by framing their arguments concerning the enforceability of the forum selection clause under American law).

the agreement, given that the agreement refers only to the "Hotel" without specifying whether that means Seawind, the Hyatt Defendants, or some other entity. This lack of specificity matters, given that if the clause only applies to Seawind, for example, the Hyatt Defendants would not be bound by the clause and could not enforce it, meaning the litigation would proceed in a piecemeal fashion here and in Jamaica. *See id.* at 681–82 (recognizing that cases would proceed on parallel tracks where one defendant had a forum selection clause with the plaintiff and one did not). Moreover, as Williams points out, the forum selection clause indicated the parties "submit to the administrative process of the Federal Consumer Office," Doc. 45-7, but this reference remains vague and undefined, with it "unclear whether this refers to an administrative agency or court or whether tort claims are covered or only contract disputes," and "no indication of what remedies are available in such proceedings or whether the 'Federal Consumer Office' even has jurisdiction over personal injury claims," Doc. 49-1 at 6. The Hyatt Defendants and Seawind do not address this concern, skipping over whether the "Federal Consumer Office" where they claim Williams should bring her claims even exists.[2] Without knowing whether Williams could bring her claims in the chosen forum, let alone whether it even exists in Jamaica, the Court cannot find that the forum selection clause requires dismissal.

III. *Forum Non Conveniens*

Finally, the Court considers the Hyatt Defendants and Seawind's alternative argument that regardless of the forum selection clause, the Court should dismiss this case based on *forum non conveniens* because the events took place in Jamaica. The Court may dismiss a case based on *forum non conveniens* when "strong reasons [exist] for believing [the case] should be litigated in the courts of another, normally a foreign, jurisdiction." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805

---

[2] The Court questions whether Breathless Montego Bay reused a form that other Breathless resorts used in Mexico, which has a Procuraduria Federal del Consumidor, the agency referenced in the Spanish translation of the agreement that Williams signed. *See* www.gob.mx/profeco.

(7th Cir. 2016) (quoting *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 866 (7th Cir. 2015)).  Given the "exceptional nature" of *forum non conveniens*, the "court must use [it] sparingly." *Id.*  The defendant invoking *forum non conveniens* "ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Id.* at 806.  But where the plaintiff's choice of forum is not her home forum, as here, "the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." *Id.* (citation omitted) (internal quotation marks omitted).

Similar to a transfer of venue analysis, the Court first determines whether "an alternative and adequate forum" exists and then "balance[s] the interests of the various participants." *Id.* at 807.  "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." *Id.* (quoting *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 957 (7th Cir. 2007)).  "Adequacy only comes into play to the extent that the remedy would be so inadequate that for all intents and purposes the forum is not available." *Id.*  "A forum is not inadequate merely because the law in the foreign jurisdiction is less favorable to the party opposing dismissal." *Id.*

If the Court finds Jamaica to be an available and adequate alternative forum, the Court balances the parties' interests by considering "the (1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment." *Id.*  The Court also considers the public interest, including "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary

8

problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Fischer*, 777 F.3d at 868 (quoting *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 425 (7th Cir. 2009)).

The Court need not engage in the balancing of interests, however, because the Hyatt Defendants and Seawind have failed to meet the first step and show that Jamaica amounts to an alternative and adequate forum. The Hyatt Defendants and Seawind must establish that Jamaica has jurisdiction over all Defendants, yet they do not mention the issue at all, focusing instead on their contention that Jamaica can provide Williams with adequate remedies. But in light of the Hyatt Defendants' extensive attempts to distance themselves from the actions that took place in Jamaica, the Court has serious doubts that Williams could sue them in Jamaica. *See Deb*, 832 F.3d at 811 ("They cannot vehemently deny any connection with the underlying actions giving rise to this litigation or any connection to Allied Lemuir, and simultaneously assert that the plaintiff could sue them in an Indian court."). Alternatively, the Hyatt Defendants could have agreed to consent to jurisdiction in Jamaica, but because they have not done so, the Court cannot find that Jamaica is an available forum for Williams to bring her claims against all named Defendants. *Cf. id.* at 812–13 (collecting cases where courts dismissed cases for *forum non conveniens*, noting that in those cases, the "party presented evidence of an available and adequate alternate forum or made a concession that it would accept service and jurisdiction there in order to guarantee availability of the alternate forum"). Therefore, because the Hyatt Defendants have not carried their burden to show that they are subject to suit in Jamaica, the Court cannot dismiss this case on *forum non conveniens* grounds.

## CONCLUSION

For the foregoing reasons, the Court denies the Hyatt Defendants' and Seawind's motions to dismiss [45, 46]. The Court grants Seawind's motion to join in the Hyatt Defendants' reply [52].


Dated: April 8, 2026

                                                    _____

                                                    SARA L. ELLIS
                                                    United States District Judge