**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JACQUELINE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01391 |
| | ) | |
| HYATT CORPORATION; ZURICH HOTEL | ) | |
| INVESTMENTS, B.V.; HYATT HOTELS | ) | |
| FOUNDATION; HYATT HOTELS | ) | |
| CORPORATION; HYATT INTERNATIONAL | ) | |
| CORPORATION; and SEA WIND KEY | ) | |
| INVESTMENTS LIMITED d/b/a BREATHLESS | ) | |
| MONTEGO BAY RESORT AND SPA, | ) | |
| | ) | |
| Defendants | ) | |

**THE HYATT DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER INSTANTER**

NOW COMES the Defendants, HYATT CORPORATION, HYATT HOTELS CORPORATION, and HYATT INTERNATIONAL CORPORATION (collectively, the "Hyatt Defendants"), by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and in support of its Motion for Leave to File an Answer to the Second Amended Complaint, *instanter*, states as follows:

1. Plaintiff filed the Second Amended Complaint in this matter on October 9, 2025. (Doc. No. 39).

2. The Hyatt Defendants timely filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure on November 28, 2025, pursuant to the Court's Minute Entry on October 21, 2025. (Doc. Nos. 42, 45).

3. On April 8, 2026, the Court entered an Order denying the Hyatt Defendants' Motion to Dismiss. (Doc. No. 56).

1

4. Hyatt Defendants' required additional time to investigate certain factual elements of the Complaint to ensure their answer was responsive.

5. The Hyatt Defendants have continued to actively participate in this litigation and has at all times intended to defend this action on the merits.

6. No entry of default has been entered.

7. Hyatt Defendants seek leave to file the attached Answer and Affirmative Defenses. (See proposed Answer and Affirmative Defenses to the Second Amended Complaint attached as Exhibit 1). Allowing these Defendants to file the attached pleading will not delay discovery.

8. Counsel for the Hyatt Defendants conferred with counsel for Plaintiff regarding the relief requested herein. Plaintiff's counsel advised that Plaintiff does not object to the Hyatt Defendants being granted leave to file its Answer and Affirmative Defenses to the Second Amended Complaint, *instanter*.

9. Good cause exists to permit the filing of the Hyatt Defendants' Answer and Affirmative Defenses, *instanter*, and allowing the case to proceed on the merits is consistent with the strong federal policy favoring resolution of disputes on their merits rather than through procedural default.

WHEREFORE, the Defendants, HYATT CORPORATION, HYATT HOTELS CORPORATION, and HYATT INTERNATIONAL CORPORATION, respectfully requests that this Court enter an Order granting the Hyatt Defendants leave to file its Answer and Affirmative Defenses to the Second Amended Complaint, *instanter*, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**PRETZEL & STOUFFER, CHARTERED**

By:     */s/ Kimberly D. Flanigan*
        Kimberly D. Flanigan

Kimberly D. Flanigan (ARDC #: 6312806)
Ryan J. Johnson (ARDC #: 6340879)
Pretzel & Stouffer, Chartered
Attorneys for Defendant, Hyatt Corporation
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-4673
(312) 578-7547
(312) 578-7814
kflanigan@pretzel-stouffer.com
rjohnson@pretzel-stouffer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendants, Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International Corporation's *Motion for Leave to File Answer Instanter* was filed electronically this **29th** day of **May 2026**. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearances will receive this notice via regular e-mail. Parties may access this filing through the Court's electronic system.

***Counsel for Plaintiff***
Kevin A. Halverson
Donovan S. Fechner
Shuman Legal
414 North Orleans Street, Suite 600
Chicago, Illinois 60654
(312) 422-0700
courtnotices@shumanlegal.com

 /s/ Kimberly D. Flanigan
Kimberly D. Flanigan (IL Bar No. 6312806)
Ryan J. Johnson (IL Bar No. 6340879)
Pretzel & Stouffer, Chartered
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
(312) 578-7547 | kflanigan@pretzel-stouffer.com
(312) 578-7814 | rjohnson@pretzel-stouffer.com
***Attorney for Hyatt Corporation, Hyatt Hotels Corporation, and Hyatt International Corporation***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JACQUELINE WILLIAMS,          )
                                     )
        Plaintiff,            )
                                     )
      v.                  )      Case No. 1:25-cv-01391
                                     )
HYATT CORPORATION; ZURICH HOTEL   )
INVESTMENTS, B.V.; HYATT HOTELS   )
FOUNDATION; HYATT HOTELS         )
CORPORATION; HYATT INTERNATIONAL  )
CORPORATION; and SEA WIND KEY     )
INVESTMENTS LIMITED d/b/a BREATHLESS )
MONTEGO BAY RESORT AND SPA,    )
                                     )
        Defendants       )

## HYATT DEFENDANTS' ANSWER
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COME the Defendants, HYATT CORPORATION, HYATT HOTELS CORPOATION, and HYATT INTERNATIONAL CORPOATION (collectively, the "Hyatt Defendants"), by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and as and for their Answer to Plaintiff's Second Amended Complaint, states as follows:

### General Denial

To the extent Plaintiff's Second Amended Complaint improperly groups multiple Hyatt entities together or seeks to impose liability based on branding, affiliation, corporate relationship, or trade name usage, the Hyatt Defendants deny all such allegations. The Hyatt Defendants further deny that any alleged corporate affiliation, brand relationship, or business association establishes ownership, possession, operation, management, control, agency, duty, breach, or proximate cause.

### JURISDICTIONAL ALLEGATIONS

1.      That Plaintiff, JACQUELINE WILLIAMS, is a resident of the State of Wisconsin.

**ANSWER:**    Hyatt Defendants admit the allegations contained in Paragraph 1.

1

2. That Defendant, HYATT CORPORATION, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.

**ANSWER:** The Hyatt Defendants admit that Hyatt Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois. The Hyatt Defendants deny any remaining allegations set forth in Paragraph 2.

3. That Defendant, Hyatt Hotels Corporation, is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.

**ANSWER:** The Hyatt Defendants admit that Hyatt Hotels Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois. The Hyatt Defendants deny any remaining allegations set forth in Paragraph 3.

4. That Defendant, HYATT INTERNATIONAL CORPORATION, is a Delaware corporation with its parental corporate headquarters located in Chicago, Illinois.

**ANSWER:** The Hyatt Defendants admit that Hyatt International Corporation is a Delaware corporation. The Hyatt Defendants deny the remaining allegations as stated.

5. That on information and belief, Defendant, SEA WIND KEY INVESTMENTS LIMITED, d/b/a BREATHLESS MONTEGO BAY RESORT AND SPA, is a Jamica corporation.

**ANSWER:** The Hyatt Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny the same.

6. That on information and belief, Defendant, ZURICH HOTEL INVESTMENTS, B.V., is a Dutch (Netherlands) corporation.

**ANSWER:** The Hyatt Defendants admit that Zurich Hotel Investments, B.V., is a Dutch (Netherlands) corporation.

## <u>COUNT I</u>

1. That on or about February 18, 2023, and prior thereto, the Defendant, HYATT CORPORATION, was the owner and/or operators of those premises located at Sunset Drive, St. James, Jamaica.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 1 of Count I.

2.      That at all times relevant hereto, the Defendant, HYATT CORPORATION, was Delaware corporation, duly licensed, registered and doing business in the State of Illinois.

**ANSWER:**     The Hyatt Defendants admit Hyatt Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois, and that Hyatt Corporation was duly licensed with appropriate registration as a foreign corporation to do business in the State of Illinois.

3.      At all times relevant hereto, the Defendant, HYATT CORPORATION, was doing business as BREATHLESS MONTEGO BAY RESORT AND SPA and APPLE LEISURE GROUP.

**ANSWER:**     The Hyatt Defendants deny the allegations contained in Paragraph 3 of Count I.

4.      That on the aforesaid date, the Plaintiff was lawfully upon the premises of the Defendant.

**ANSWER:**     The Hyatt Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was lawfully upon the premises on the date and time alleged and therefore deny the same, and deny remaining allegations, including the allegation that the premises were "the premises of the Defendant".

5.      That said Defendant owed a duty to exercise that degree of care and caution as prescribed by law, for the safety and well-being of person lawfully upon the premises including the Plaintiff herein.

**ANSWER:**     The Hyatt Defendants admit only to those duties imposed by law, deny those duties are fully and accurately set forth herein, deny Hyatt Corporation owed any legal duty to Plaintiff, and deny any remaining allegations.

6.      That said Defendant by and through its agents, servants and/or employees, mopped a certain dance floor on the Premises.

**ANSWER:**     The Hyatt Defendants deny the allegations contained in Paragraph 6 of Count I.

7.      That Plaintiff, while walking across the dance floor was caused to slip and fall on the area where said Defendant had mopped.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 7 of Count I, and demand strict proof thereof.

8. That the Defendant in violation of Defendant's duty to the Plaintiff, committed the following acts of negligence:

a. Carelessly and negligently caused the floor of the Premises to become wet, slippery, dangerous, unsafe and in a defective condition;

b. Carelessly and negligently allowed the floor of the Premises to remain in a wet, slippery, dangerous, unsafe and in a defective condition;

c. Carelessly and negligently finished the floor of the Premises with a slippery material causing said floor to become and remain in a dangerous, unsafe and defective condition when wet;

d. Carelessly and negligently failed to provide and maintain a reasonably safe area for Plaintiff to walk;

e. Carelessly and negligently failed to inspect the Premises so as to ascertain the dangerous, unsafe and defective conditions therein;

f. Carelessly and negligently failed to provide any warnings with regard to the condition of said floor; and/or,

g. Was otherwise careless and negligent in the maintenance and upkeep of the floor of the Premises.

**ANSWER:** The Hyatt Defendants deny each and every allegation contained in Paragraph 8 of Count I, including subparagraphs 8(a) through 8(g).

9. That as a direct and proximate result of the aforesaid negligence of the Defendant, HYATT CORPORATION, the Plaintiff, JACQUELINE WILLIAMS, was caused to and did slip and fall and sustained serious and permanent injuries to Plaintiff's person, Plaintiff has suffered and will continue to suffer great pain, distress and physical impairment, and was rendered sick, sore, lame and disordered all of which are severe and permanent, and was forced to expend and will continue to expend large sums of money for medical care and attention, lost great gains and

profits which Plaintiff otherwise would have made and acquired and has been kept from attending to Plaintiff's ordinary affairs and duties.

**ANSWER:** These Defendants deny that any alleged act or omission on their part constituted negligence or was a direct and proximate cause of Plaintiff's alleged injuries and damages. To the extent Paragraph 9 contains legal conclusion regarding negligence, causation, permanency, and damages, no response is required. To the extent a response is deemed required, these Defendants deny the same. These Defendants lack sufficient knowledge to form a belief as to the truth of the allegations concerning the nature, extent, causation, permanency, and future course of Plaintiff's alleged injuries, medical treatment, pain and suffering, disability, impairment, lost earnings, and other alleged damages, and therefore deny the same and demand strict proof thereof.

## COUNT II

The allegations contained within Count II of the Plaintiff's Second Amended Complaint are not directed against the Hyatt Defendants. Therefore, the Hyatt Defendants make no answer or other response to them. In the event that the allegations contained within Counts II of Plaintiff's Second Amended Complaint, or any of them, are construed in any way to be directed against the Hyatt Defendants, then the Hyatt Defendants deny all such allegations.

## COUNT III

1. That on or about February 18, 2023, and prior thereto, the Defendant, HYATT HOTELS CORPORATION, was the owner and/or operators of those premises located at Sunset Drive, St. James, Jamaica.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 1 of Count III.

2. That at all times relevant hereto, the Defendant, HYATT HOTELS CORPORATION, was a Delaware corporation, duly licensed, registered and doing business in the State of Illinois.

**ANSWER:** The Hyatt Defendants admit Hyatt Hotels Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois, and admit that Hyatt Hotels Corporation was duly licensed with appropriate registration as a foreign corporation to do business in the State of Illinois. The Hyatt Defendants deny any remaining allegations in Paragraph 2 of Count III.

3.    At all times relevant hereto, the Defendant, HYATT HOTELS CORPORATION, was doing business as BREATHLESS MONTEGO BAY RESORT AND SPA and APPLE LEISURE GROUP.

**ANSWER:**    The Hyatt Defendants deny the allegations contained in Paragraph 3 of Count III.

4.    That on the aforesaid date, the Plaintiff was lawfully upon the premises of the Defendant.

**ANSWER:**    The Hyatt Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was lawfully upon the premises on the date and time alleged and therefore deny the same, and deny remaining allegations, including the allegation that the premises were "the premises of the Defendant".

5.    That said Defendant owed a duty to exercise that degree of care and caution as prescribed by law, for the safety and well-being of person lawfully upon the premises including the Plaintiff herein.

**ANSWER:**    The Hyatt Defendants admit only to those duties imposed by law, deny those duties are fully and accurately set forth herein, deny Hyatt Hotels Corporation owed any legal duty to Plaintiff, and deny any remaining allegations.

6.    That said Defendant by and through its agents, servants and/or employees, mopped a certain dance floor on the Premises.

**ANSWER:**    The Hyatt Defendants deny the allegations contained in Paragraph 6 of Count III.

7.    That Plaintiff, while walking across the dance floor was caused to slip and fall on the area where said Defendant had mopped.

**ANSWER:**    The Hyatt Defendants deny the allegations contained in Paragraph 7 of Count III, and demand strict proof thereof.

8.    That the Defendant in violation of Defendant's duty to the Plaintiff, committed the following acts of negligence:

    a.    Carelessly and negligently caused the floor of the Premises to become wet, slippery, dangerous, unsafe and in a defective condition;

6

b. Carelessly and negligently allowed the floor of the Premises to remain in a wet, slippery, dangerous, unsafe and in a defective condition;

c. Carelessly and negligently finished the floor of the Premises with a slippery material causing said floor to become and remain in a dangerous, unsafe and defective condition when wet;

d. Carelessly and negligently failed to provide and maintain a reasonably safe area for Plaintiff to walk;

e. Carelessly and negligently failed to inspect the Premises so as to ascertain the dangerous, unsafe and defective conditions therein;

f. Carelessly and negligently failed to provide any warnings with regard to the condition of said floor; and/or,

g. Was otherwise careless and negligent in the maintenance and upkeep of the floor of the Premises.

**ANSWER:** The Hyatt Defendants deny each and every allegation contained in Paragraph 8 of Count III, including subparagraph 8(a) through 8(g).

9. That as a direct and proximate result of one or more of the aforesaid negligence of the Defendant, HYATT HOTELS CORPORATION, the Plaintiff, JACQUELINE WILLIAMS, was caused to and did slip and fall and sustained serious and permanent injuries to Plaintiff's person, Plaintiff has suffered and will continue to suffer great pain, distress and physical impairment, and was rendered sick, sore, lame and disordered all of which are severe and permanent, and was forced to expend and will continue to expend large sums of money for medical care and attention, lost great gains and profits which Plaintiff otherwise would have made and acquired and has been kept from attending to Plaintiff's ordinary affairs and duties.

**ANSWER:** These Defendants deny that any alleged act or omission on their part constituted negligence or was a direct and proximate cause of Plaintiff's alleged injuries and damages. To the extent Paragraph 9 contains legal conclusion regarding negligence, causation, permanency, and damages, no response is required. To the extent a response is deemed required, these Defendants deny the same. These Defendants lack sufficient knowledge to form a belief as to the truth of the allegations concerning the nature, extent, causation, permanency, and future course of

7

Plaintiff's alleged injuries, medical treatment, pain and suffering, disability, impairment, lost earnings, and other alleged damages, and therefore deny the same and demand strict proof thereof.

## COUNT IV

1. That on or about February 18, 2023, and prior thereto, the Defendant, HYATT INTERNATIONAL CORPORATION, was the owner and/or operators of those premises located at Sunset Drive, St. James, Jamaica.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 1 of Count IV.

2. That at all times relevant hereto, the Defendant, HYATT INTERNATIONAL CORPORATION, was a Delaware corporation, duly licensed, registered and doing business in the State of Illinois.

**ANSWER:** The Hyatt Defendants admit Hyatt International Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois, and admit that Hyatt International Corporation was duly licensed with appropriate registration as a foreign corporation to do business in the State of Illinois. The Hyatt Defendants deny any remaining allegations in Paragraph 2 of Count IV.

3. At all times relevant hereto, the Defendant, HYATT INTERNATIONAL CORPORATION, was doing business as BREATHLESS MONTEGO BAY RESORT AND SPA.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 3 of Count IV.

4. That on the aforesaid date, the Plaintiff was lawfully upon the premises of the Defendant.

**ANSWER:** The Hyatt Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was lawfully upon the premises on the date and time alleged and therefore deny the same, and deny remaining allegations, including the allegation that the premises were "the premises of the Defendant".

5. That said Defendant owed a duty to exercise that degree of care and caution as prescribed by law, for the safety and well-being of person lawfully upon the premises including the Plaintiff herein.

8

**ANSWER:** The Hyatt Defendants admit only to those duties imposed by law, deny those duties are fully and accurately set forth herein, deny Hyatt International Corporation owed any legal duty to Plaintiff, and deny any remaining allegations.

6. That said Defendant by and through its agents, servants and/or employees, mopped a certain dance floor on the Premises.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 6 of Count IV.

7. That Plaintiff, while walking across the dance floor was caused to slip and fall on the area where said Defendant had mopped.

**ANSWER:** The Hyatt Defendants deny the allegations contained in Paragraph 7 of Count IV, and demand strict proof thereof.

8. That the Defendant in violation of Defendant's duty to the Plaintiff, committed the following acts of negligence:

  a. Carelessly and negligently caused the floor of the Premises to become wet, slippery, dangerous, unsafe and in a defective condition;

  b. Carelessly and negligently allowed the floor of the Premises to remain in a wet, slippery, dangerous, unsafe and in a defective condition;

  c. Carelessly and negligently finished the floor of the Premises with a slippery material causing said floor to become and remain in a dangerous, unsafe and defective condition when wet;

  d. Carelessly and negligently failed to provide and maintain a reasonably safe area for Plaintiff to walk;

  e. Carelessly and negligently failed to inspect the Premises so as to ascertain the dangerous, unsafe and defective conditions therein;

  f. Carelessly and negligently failed to provide any warnings with regard to the condition of said floor; and/or,

  g. Was otherwise careless and negligent in the maintenance and upkeep of the floor of the Premises.

**ANSWER:** The Hyatt Defendants deny each and every allegation contained in Paragraph 8 of Count IV, including subparagraph 8(a) through 8(g).

9

9.      That as a direct and proximate result of one or more of the aforesaid negligence of the Defendant, HYATT INTERNATIONAL CORPORATION, the Plaintiff, JACQUELINE WILLIAMS, was caused to and did slip and fall and sustained serious and permanent injuries to Plaintiff's person, Plaintiff has suffered and will continue to suffer great pain, distress and physical impairment, and was rendered sick, sore, lame and disordered all of which are severe and permanent, and was forced to expend and will continue to expend large sums of money for medical care and attention, lost great gains and profits which Plaintiff otherwise would have made and acquired and has been kept from attending to Plaintiff's ordinary affairs and duties.

**ANSWER:**      These Defendants deny that any alleged act or omission on their part constituted negligence or was a direct and proximate cause of Plaintiff's alleged injuries and damages. To the extent Paragraph 9 contains legal conclusion regarding negligence, causation, permanency, and damages, no response is required. To the extent a response is deemed required, these Defendants deny the same. These Defendants lack sufficient knowledge to form a belief as to the truth of the allegations concerning the nature, extent, causation, permanency, and future course of Plaintiff's alleged injuries, medical treatment, pain and suffering, disability, impairment, lost earnings, and other alleged damages, and therefore deny the same and demand strict proof thereof.

## <u>COUNT V</u>

The allegations contained within Count V of the Plaintiff's Second Amended Complaint are not directed against the Hyatt Defendants. Therefore, the Hyatt Defendants make no answer or other response to them. In the event that the allegations contained within Counts V of Plaintiff's Second Amended Complaint, or any of them, are construed in any way to be directed against the Hyatt Defendants, then the Hyatt Defendants deny all such allegations.

WHEREFORE, the Defendants, HYATT CORPORATION, HYATT HOTELS CORPORATION, and HYATT INTERNATIONAL CORPORATION, respectfully request that judgment be entered in their favor and against Plaintiff, that Plaintiff take nothing by way of her Second Amended Complaint, that the Second Amended Complaint be dismissed with prejudice as to the Hyatt Defendants, that costs be awarded to the Hyatt Defendants, and for such other and further relief as this Court deems just and proper.

10

Respectfully submitted,

**PRETZEL & STOUFFER, CHARTERED**

By: */s/ Kimberly D. Flanigan*
   Kimberly D. Flanigan

Kimberly D. Flanigan (ARDC #: 6312806)
Ryan J. Johnson (ARDC #: 6340879)
Pretzel & Stouffer, Chartered
Attorneys for Defendants, Hyatt Corporation,
Hyatt Hotels Corporation, and
Hyatt International Corporation
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-4673
(312) 578-7547
(312) 578-7814
kflanigan@pretzel-stouffer.com
rjohnson@pretzel-stouffer.com

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JACQUELINE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01391 |
| | ) | |
| HYATT CORPORATION; ZURICH HOTEL | ) | |
| INVESTMENTS, B.V.; HYATT HOTELS | ) | |
| FOUNDATION; HYATT HOTELS | ) | |
| CORPORATION; HYATT INTERNATIONAL | ) | |
| CORPORATION; and SEA WIND KEY | ) | |
| INVESTMENTS LIMITED d/b/a BREATHLESS | ) | |
| MONTEGO BAY RESORT AND SPA, | ) | |
| | ) | |
| Defendants | ) | |

**AFFIRMATIVE DEFENSES**

Defendants, HYATT CORPORATION, HYATT HOTELS CORPORATION, and HYATT INTERNATIONAL CORPORATION (collectively, the "Hyatt Defendants), by and through their attorneys, assert the following Affirmative Defenses to Plaintiff's Second Amended Complaint. The Hyatt Defendants reserve the right to amend these defenses as discovery progresses.

**First Affirmative Defense – Failure to State a Claim**

1.    Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against the Hyatt Defendants.

**Second Affirmative Defense – Lack of Duty / Control**

2.    The Hyatt Defendants did not own, possess, operate, manage, or control the premises and therefore owed no duty to Plaintiff.

**Third Affirmative Defense – Comparative Fault**

12

3. Plaintiff's recovery is barred or reduced to the extent her own negligence contributed to the occurrence, including but not limited to her consumption of alcohol and failure to exercise reasonable care.

### Fourth Affirmative Defense – Open and Obvious Condition

4. Any condition was open and obvious, and Plaintiff failed to exercise reasonable care for her own safety.

### Fifth Affirmative Defense – Lack of Proximate Cause

5. Any act or omission by the Hyatt Defendants, to which is explicitly denied, was not the proximate cause of Plaintiff's alleged injuries.

### Sixth Affirmative Defense – Third-Party Fault

6. Plaintiff's alleged injuries were caused in whole or in part by third parties, including the owner and/or operator of the premises, over whom the Hyatt Defendants had no control.

### Seventh Affirmative Defense – Failure to Mitigate

7. Plaintiff failed to mitigate her alleged damages.

### Eighth Affirmative Defense – No Agency / Independent Contractor

8. Any individuals responsible for the condition of the premises were not agents or employees of the Hyatt Defendants.

### Ninth Affirmative Defense – Forum Non Conveniens

9. This action should be dismissed, in whole or in part, under the doctrine of *forum non conveniens* in favor of a more appropriate and convenient foreign forum.

### Tenth Affirmative Defense – Choice of Law – Foreign Law Applies

10. The rights and liabilities of the parties are governed, in whole or in part, by the laws of Jamaica, which differ from the laws of the forum, and applicable Jamaican law should apply.

13

**Eleventh Affirmative Defense – Improper Forum / Lack of Nexus**

11.     The Northern District of Illinois is an improper and inconvenient forum because the operative facts, witnesses, and evidence are located in Jamaica.

**Twelfth Affirmative Defense – Reservation**

12.     The Hyatt Defendants reserve the right to amend these defenses as discovery progresses.


Respectfully submitted,

**PRETZEL & STOUFFER, CHARTERED**

By:     */s/ Kimberly D. Flanigan*
        Kimberly D. Flanigan


Kimberly D. Flanigan (ARDC #: 6312806)
Ryan J. Johnson (ARDC #: 6340879)
Pretzel & Stouffer, Chartered
Attorneys for Defendants, Hyatt Corporation,
Hyatt Hotels Corporation, and
Hyatt International Corporation
200 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-4673
(312) 578-7547
(312) 578-7814
kflanigan@pretzel-stouffer.com
rjohnson@pretzel-stouffer.com

14